UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6927 PA (MARx)<br>CV 23-8364 PA (MARx) | Date | December 26, 2023 |
|---|---|---|---|
| Title | Certain Underwriters at Lloyds of London v. STG Logistics, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Lynnie Fahey | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

**Proceedings:**    **Order to Show Cause Re Dismissal For Lack Of Prosecution**

Plaintiff Certain Underwriters at Lloyds of London ("Plaintiff") commenced Case Number CV 23-6927 PA (MARx) on August 22, 2023, and the related case, Case Number CV 23-8364 PA (MARx), on October 4, 2023. The two cases allege claims against the same defendants for two separate shipments that Plaintiff alleges were delivered with many units missing. Plaintiff filed Proofs of Service in both actions on November 21, 2023, stating that Plaintiff had served defendants XPO Logistics, Inc. and STG Logistics, Inc. on November 3, 2023. STG Logistics, Inc. has filed Answers in both cases, but XPO Logistics, Inc. had not filed a timely response to the Complaint.

On November 27, 2023, the Court ordered Plaintiff to show cause why Case Number CV 23-6927 PA (MARx) should not be dismissed for lack of prosecution as to XPO Logistics, Inc. as a result of its failure to appear. Plaintiff then filed requests for the Clerk to enter the default of XPO Logistics, Inc. in both actions, and the Clerk did so on December 7, 2023. Plaintiff filed Proofs of Service in both actions on December 7, 2023, indicating that it served defendant CTS Global Supply Chain Solutions on December 1, 2023. CTS Global Supply Chain Solutions' deadline to appear in this action was December 22, 2023.

Plaintiff filed a Status Report in Case Number 23-6927 PA (KSx) on December 7, 2023, in response to the Court's Order to Show Cause. According to the Status Report:

> [Defendant Mediteraneo Line] appears to be a foreign entity with no agent for service of process in the United States and no apparent presence in the United States. The undersigned has consulted with corresponding counsel in New York to obtain information regarding this entity to enable service under the Hague Convention. Plaintiffs respectfully request this Court's indulgence in permitting additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6927 PA (MARx) <br> CV 23-8364 PA (MARx) | Date | December 26, 2023 |
|---|---|---|---|
| Title | Certain Underwriters at Lloyds of London v. STG Logistics, Inc., et al. | | |

time to ascertain this information and effect service on this Defendant.

The Status Report also states that Plaintiff "has been unable to determine the nature of" defendant Container Freight Services and "been unable to identify an agent for service of process . . . ." Plaintiff's counsel notes, however, that the "correct name for this Defendant may be 'Container Freight Station' owned and operated by Defendant STG." Plaintiff "will seek confirmation from counsel for STG whether this is a separate entity or is in fact STG operating under a separate trade name" and may seek amendment of the Complaint to reflect the correct name of Container Freight Services "and effect service accordingly."

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Rule 4(m) provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). Even though the 90-day deadline for serving process does not apply to service abroad, "if service in a foreign country is not pursued in a diligent fashion, the district court can dismiss the action because of the plaintiff's failure to prosecute." 4B Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure: Federal Rules of Civil Procedure § 1137 (4th ed.) (footnotes omitted).

In Case Number CV 23-627 PA (MARx), Plaintiff has not served defendant Mediterraneo Line and Container Freight Services within this deadline. The Rule 4(m) deadline does not expire in Case Number CV 23-8364 PA (MARx) until January 2, 2024. Although Rule 4(m) may not apply to Mediterraneo Line, if it is in fact a foreign entity, Plaintiff's Status Report does not establish that Plaintiff has diligently pursued service on Mediterraneo Line. Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing on or before January 8, 2024, why the claims against Mediterraneo Line and Container Freight Services should not be dismissed for lack of prosecution. Because the deadline established by Federal Rule of Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6927 PA (MARx)<br>CV 23-8364 PA (MARx) | Date | December 26, 2023 |
|---|---|---|---|
| Title | Certain Underwriters at Lloyds of London v. STG Logistics, Inc., et al. | | |

Procedure 12(a)(1) for defendant CTS Global Supply Chain Solutions to appear have expired, and CTS Global Supply Chain Solutions has not responded to the Complaint, the Court additionally orders Plaintiff to show cause in writing on or before January 8, 2024, why CTS Global Supply Chain Solutions should not be dismissed for lack of prosecution.  Failure to respond to these orders to show cause may result in the imposition of sanctions, including but not limited to dismissal of the Complaint.  The Court discharges its November 27, 2023 Order to Show Cause concerning Plaintiff's prosecution of its claims against XPO Logistics, Inc.

    IT IS SO ORDERED.